UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JANE RANFT, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>DOBBERSTEIN LAW FIRM, LLC, and CREDITBOX.COM, LLC,<br><br>        Defendant. | Case No.: 17-cv-1793<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Jane Ranft is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him debts allegedly incurred for personal, family, or household purposes.

5. Defendant Dobberstein Law Firm, LLC ("Dobberstein") is a Wisconsin law firm with its principal offices located at 225 South Executive Drive, Suite 201, Brookfield, WI 53005.

6. Dobberstein is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Dobberstein is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Dobberstein is a debt collector as defined in 15 U.S.C. § 1692a.

8. Defendant Creditbox.com LLC ("Creditbox") is foreign limited liability company with its principal offices located at 880 Lee Street, #302, Des Plaines, Illinois 60016.

9. Creditbox is a lender operating primarily online. It originates and services personal installment loans for consumers in Illinois, Wisconsin and Missouri. https://www.creditbox.com/who-we-are/.

10. Creditbox's website states that Creditbox offers installment loans. https://www.creditbox.com/how-it-works/.

11. Creditbox loans include a finance charge – interest. *Id.*

12. Creditbox is also engaged in the business of a collection agency under Wisconsin law, in that it services consumer debts owed to itself.

13. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added). On its face, Wis. Stat. § 427.103(3) applies to creditors collecting on their own behalf.

2

14. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

15. Creditbox is a "merchant" as defined in the WCA, as it has, or claims to have, taken assignment of Plaintiff's former consumer credit card accounts. Wis. Stat. § 421.301(25) ("The term [merchant] includes but is not limited to a seller, lessor, manufacturer, creditor, arranger of credit and any assignee of or successor to such person.")

16. The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

17. The Wisconsin Department of Financial Institutions has likewise designated merchants and creditors as "Debt Collectors" under the WCA:

> Anyone attempting to collect a debt arising from a consumer credit transaction in Wisconsin, whether a merchant doing its own debt collecting or a third-party debt collector, must follow Wisconsin's debt collection law, Ch. 427, Wis. Stats. This is an important point because many merchants collecting debt owed directly to them mistakenly believe that they are exempt from Wisconsin's debt collection law because they are not included within the definition of "debt collector" under the federal Fair Debt Collection Practices Act.

https://www.wdfi.org/wca/business_guidance/creditors/debt_collection/.

18. Creditbox is a debt collector as defined in Wis. Stat. § 427.103(3).

## FACTS

19. Sometime prior to June 26, 2017, Plaintiff entered into a consumer credit transaction with Creditbox for a consumer cash advance loan.

20. Upon information and belief, the funds obtained from Creditbox were used for personal, family, and business purposes – the purchase of household goods and services and/or payment of household bills.

21. Upon information and belief, sometime prior to June 26, 2017, Plaintiff defaulted on her loan obligations to Creditbox.

22. As a result of this default, Creditbox retained Dobberstein to represent Creditbox in a small claims collection action against Plaintiff, which was filed with the Milwaukee County Circuit Court on June 26, 2017.

23. On September 6, 2017, the Milwaukee County Circuit Court entered a default Judgment in favor of Creditbox against Plaintiff in the amount of $1,337.00, plus fees and costs.

24. On or about September 11, 2017, the Milwaukee County Circuit Court mailed to Plaintiff a Notice of Entry of Judgment. The Notice of Entry of Judgment listed the "Total Money Judgment" as $1,718.00, which included various itemized fees and costs. A copy of that Notice is attached to this Complaint as Exhibit A.

25. On or about September 7, 2017, Dobberstein mailed a collection letter to Plaintiff regarding the Creditbox judgment. A copy of the letter is attached to this Complaint as Exhibit B.

26. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

27. Upon information and belief, Exhibit B is a form debt collection letter used by Dobberstein to attempt to collect alleged debts.

28. Exhibit B plainly misstates the amount of the debt, listing a balance of $1,591.00, which was neither the total money judgment ($1,718.00) nor the principal amount of the underlying debt ($1,337.00) Exhibit A.

4

29. Moreover, <u>Exhibit A</u> adds to the judgment, $100 in "Other Costs."

30. Upon information and belief, the $100 in "Other Costs" is a collection fee. All other costs and fees associated with a small claims judgment – fees for service of process, filing the small claims action, and the statutory attorney fee – were all separately accounted for in the notice of entry of judgment. <u>Exhibit A</u>.

31. Plaintiff's Creditbox loan was a consumer credit transaction in that it is a consumer transaction between a merchant (Creditbox) and a customer (Plaintiff), in which money was acquired on credit, and the obligation was both payable in installments and finance charges were imposed.

32. Wis. Stat. § 421.301(10) defines a "consumer credit transaction":

> a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed, whether such transaction is pursuant to an open-end credit plan or is a transaction involving other than open-end credit. The term includes consumer credit sales, consumer loans, consumer leases and transactions pursuant to open-end credit plans.

33. The debt at issue in this action was incurred for personal, family or household purposes, specifically, an alleged personal loan used for paying bills and other household expenses.

34. The WCA specifically prohibits the attachment of collection fees and other "default charges" on consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

*See also Patzka v. Viterbo College*, 917 F. Supp. 654, 659 (W.D. Wis. 1996).

5

35. Neither Wis. Stat. § 422.202, entitled "Additional charges," nor any other section of the WCA, lists collection fees as a permissible fee a creditor may charge in connection with a consumer credit transaction.

36. Because credit card transactions are consumer credit transactions, Exhibit A, with its nebulous statement about "Non-Interest Fees," falsely states or implies that Northland has a right to add collection fees to the debt.

37. Even if a provision of any agreement between Plaintiff and Creditbox would purport to permit Dobberstein to impose a collection fee, the WCA prohibits such fees. Wis. Stat. § 421.106(1) ("Except as otherwise provided in chs. 421 to 427, a customer may not waive or agree to forego rights or benefits under chs. 421 to 427."); *See also Lox v. CDA, Ltd.*, 689 F.3d. 818 (7th Cir. 2012) (false representation that attorney fees would be added when they could not be, violated 1692e).

38. Plaintiff was confused by Exhibit B.

39. Plaintiff had to spend time and money investigating Exhibit B and the consequences of any potential responses to Exhibit B.

40. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of Exhibit B.

### *The FDCPA*

41. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA

6

Case 2:17-cv-01673-PP    Filed 11/28/17    Page 6 of 12    Document 1

was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to

7

Case 2:17-cv-01673-PP   Filed 11/28/17   Page 7 of 12   Document 1

encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

42. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

43. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. 15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of the character, amount, or legal status of any debt."

45. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

### *The WCA*

46. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

47. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v.

*Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

48. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

49. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

50. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

51. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

52. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

9

53. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

54. Wis. Stat. § 427.104(1)(k) states that a debt collector may not "use a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, government agency or attorney-at-law when it is not."

## COUNT I – FDCPA

55. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

56. Count I is brought against Defendant Dobberstein.

57. <u>Exhibit B</u> misstates the amount of the judgment it sought to collect, listing a balance of $1,591, which was neither the total money judgment nor the amount claimed as the underlying debt.

58. Defendant Dobberstein thereby violated 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692e(10).

## COUNT II -- WCA

59. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

60. Count II is brought against both defendants.

61. Exhibit B claims, attempts, or threatens to enforce a right to a collection fee, even though Defendants knew or should have had reason to know that no such right existed at the time the letters were sent.

62. Defendants violated Wis. Stat. §§ 427.104(1)(j).

## CLASS ALLEGATIONS

63. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent initial collection letters in the form represented by Exhibit A, (c) seeking to collect a judgment obtained on a debt that was incurred for personal, family, or household purposes, which listed a balance, (d) misstating the amount of the judgment, (e) between November 28, 2016 and November 28, 2017, inclusive, (f) that was not returned by the postal service.

64. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

65. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692g(a)(1) and Wis. Stat. § 427.104(1)().

66. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

67. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

68. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

69.    Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a)    actual damages;

(b)    statutory damages;

(c)    attorneys' fees, litigation expenses and costs of suit; and

(d)    such other or further relief as the Court deems proper.

Dated:  November 28, 2017

**ADEMI & O'REILLY, LLP**

By:    /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com